# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

STEVEN FLOYD VOSS,

Petitioner,

v.

JACKIE CRAWFORD, *et al.*,

Respondents.

Case No. 3:19-cv-00414-MMD-WGC

ORDER

## I. SUMMARY

Petitioner Steven Floyd Voss, a *pro se* Nevada prisoner initiated this habeas corpus proceeding under 28 U.S.C. § 2254. This habeas matter is before the Court on Voss's Motion for Stay and Abeyance (ECF No. 8) and an initial review under the Rules Governing Section 2254 Cases.[1] For the reasons discussed below, the Court denies Voss's request for stay and abeyance and orders him to show cause why his Petition should not be dismissed as premature.

## II. BACKGROUND

In 1996, Voss was convicted of burglary, forgery, uttering a forged instrument, and attempted theft in the Second Judicial District Court for Washoe County ("state court"). *State of Nevada v. Steven Floyd Voss*, CR96-1581.[2] He was sentenced to a maximum of ten years on the burglary count and four consecutive four-year terms on the remaining counts. (ECF No. 1 at 27–28.) The state court entered a judgment of conviction on

///

---

[1]All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2]In addition to the materials attached with the Petition, the Court takes judicial notice of the docket records of the state district court and appellate courts, which may be accessed online at: https://www.washoecourts.com/Query/DetailedCaseSearch and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

November 27, 1996.³ (*Id.*) In August 2001, the state court granted in part and denied in part Voss's state petition for writ of habeas corpus ("state petition") and ordered a new sentencing hearing. (*Id.* at 30–38.) However, to date, Voss has not been resentenced. (*Id.* at 51–53.)

In February 2002, Voss filed a federal habeas petition challenging the judgment of conviction in CR96-1581. *See Voss v. Crawford*, 3:02-cv-0092-DWH-VPC ("2002 Case").⁴ The petition in the 2002 Case raised seven grounds, including violations of his constitutional rights to due process, fair trial, presumption of innocence, and effective assistance of counsel—it did not address resentencing. (*Id.*, ECF No. 40.) The Court denied his petition on the merits in February 2005. (*Id.*, ECF No. 86.) The Court of Appeals denied a certificate of appealability (*Id.*, ECF No. 101), and the United States Supreme Court denied certiorari in February 2006.

In October 2017, Voss filed a petition for extraordinary relief. The Nevada Court of Appeals granted Voss's petition for extraordinary relief and issued a writ of mandamus in August 2018. (ECF No. 1 at 45–49.) The appellate court found that, because the state court did not conduct a resentencing or enter an amended judgment of conviction, "there is currently no valid judgment of conviction entered in CR96-1581." (*Id.* at 48.) Appearing that Voss had no plain, speedy, and adequate remedy available to him, the appellate

///

---

³As discussed herein, Voss alleges that his prison terms for CR96-1581 are now expired. He is currently in custody pursuant to a different judgment of conviction entered by the state court. *See State of Nevada v. Steven Floyd Voss*, CR97-2077. In the latter case, Voss was convicted of murder with a deadly weapon and kidnapping. *See Voss v. Baker*, 3:19-cv-0197-MMD-CBC, Amended Petition (ECF No. 14) at 4. The state court sentenced him to life without the possibility of parole on the murder charge with an equal and consecutive term for the deadly weapon enhancement and 15 years to life for the kidnapping charge. *Id.*

⁴Besides the instant case and the 2002 Case, Voss has filed numerous habeas petitions in this district, including two this year. *See* Case Nos. 3:07-cv-0385-ECR-RAM, 3:11-cv-0223-LRH-WGC, 3:15-cv-0183-HDM-VPC, 3:16-cv-0660-MMD-WGC, 3:18-cv-0057-HDM-VPC, 3:18-cv-0444-MMD-WGC, 3:19-cv-0030-RCJ-WGC, 3:19-cv-0197-MMD-CBC. In the most recent case, 3:19-cv-0197-MMD-CBC, Voss is represented by the Federal Public Defender, and he is challenging a second corrected amended judgment of conviction entered May 24, 2018, in CR97-2077:

court concluded that mandamus relief was warranted. (*Id.*) The Nevada Court of Appeals therefore instructed the state court "to resentence Voss and enter an amended judgment of conviction in CR96-1581." (*Id.* at 49.) In addition, the state court must credit Voss "with all the time he has served pursuant to the invalid judgment of conviction." (*Id.* at 49 n.2.) Voss sought rehearing. The Nevada Court of Appeals denied his request in October 2018. He petitioned for review by the Nevada Supreme Court, but his request was denied in December 2018. He filed a petition for writ of certiorari before the United States Supreme Court, but certiorari was denied on April 15, 2019.

While the petition for extraordinary relief was pending, in May 2018, Voss filed a petition for writ of coram nobis before the state court. Voss contended that he has expired his prison terms since his initial sentencing in 1996 (*id.* at 40, 42), and the state court did not have jurisdiction to conduct a new sentencing hearing. The state court denied the petition. Voss appealed. The Nevada Court of Appeals affirmed the state court's denial on May 17, 2019. The appellate court held that Voss's claims were outside the scope of a petition for writ of coram nobis as they did not involve errors of fact outside the record and he did not demonstrate that he could not have raised claims concerning the state court's failure to act upon its August 2001 order while he was in custody for the CR96-1581 sentence. Voss sought rehearing. The Nevada Court of Appeals denied his request in July 2019. He petitioned for review by the Nevada Supreme Court, but his request was denied, and a remittitur issued on September 30, 2019.

Voss mailed a "Protective Petition" for Writ of Habeas Corpus (ECF No. 1) on July 17, 2019, and paid the five dollar ($5.00) filing fee. The Petition raises one ground for violations of his Fifth, Sixth, and Fourteenth Amendment rights to due process, equal protection, fair trial, speedy trial, and against double jeopardy. (*Id.* at 8.) Voss alleges that the state court lacks jurisdiction to enter an amended judgment because he served to completion each of the six disproportionate sentences imposed by the original judgment. (*Id.*) He further alleges the state court acted in excess of its jurisdiction by entering an order in August 2018 to move forward with resentencing proceedings and by resentencing

him and entering an amended judgment on a future date. (*Id.* at 8–9.) The Petition leaves blank spots for the dates of resentencing and entry of an amended judgment. (*Id.* at 9.)

In addition, the Petition states that Voss filed it "expressly for the purpose of preserving [his] federal right to habeas corpus review of an anticipated Amended Judgment of Conviction to be entered by the state trial court." (*Id.* at 3 (underline emphasis omitted).) He claims he faces potential future jeopardy and restraints on his liberty as a direct result of the anticipated resentencing and entry of an amended judgment, even though he is not presently incarcerated pursuant to the November 1996 judgment.

According to the state court's docket records, litigation related to Voss's resentencing is currently ongoing.

## III. ORDER TO SHOW CAUSE

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See also Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, or false. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). The court may also dismiss claims at screening for procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

A statute of limitations begins to run on the date on which a "claim 'accrues'." *Pouncil v. Titon*, 704 F.3d 568, 573 (9th Cir. 2012). The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year period of limitations for federal habeas petitions filed by state prisoners under 28 U.S.C. § 2254. A habeas claim accrues and the one-year limitation period begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's state court judgment became final by either the conclusion of direct appellate review or the expiration of time for seeking such review. 28 U.S.C. § 2244(d)(1)(A); *Redd v. McGrath*, 343 F.3d 1077, 1081–83 (9th Cir. 2003) (traditional rules of claim accrual apply to habeas proceedings). When a state court issues an amended judgment of conviction, it is considered a "new

judgment, starting a new one-year statute of limitations." *Smith v. Williams*, 871 F.3d 684, 688 (9th Cir. 2017) (discussing *Magwood v. Patterson*, 561 U.S. 320, 341–42 (2010)).

Voss's current Petition is premature on its face. The state court and appellate court record confirm that no valid judgment of conviction currently exists for CR96-1581, and Voss has yet to be resentenced. The Petition clearly attempts to challenge "the presently *anticipated* resentencing proceedings and entry of an amended judgment of conviction." (ECF No. 1 at 4 (emphasis added).) Because no amended judgment has been entered, Voss's constitutional claims are currently speculative. For instance, motion practice before sentencing or any subsequent appeals or post-conviction proceedings may eliminate any threat to his federally protected rights. The one-year statute of limitations will not start, and his habeas claim will not accrue, until an amended judgment of conviction is entered and becomes final. *See Redd*, 343 F.3d at 1081–83. Because Voss's habeas claim has not accrued and the AEDPA clock has not started, his Petition is subject to dismissal as premature. Accordingly, Voss will be ordered to show cause, in writing, within 30 days why this action should not be dismissed without prejudice as premature.

### IV. MOTION FOR STAY AND ABEYANCE

Voss's Motion for Stay and Abeyance (ECF No. 8) argues that the "protective petition" is necessary protect his federal constitutional rights. Voss reiterates that the state court intends to resentence him and enter an amended judgment, which must apply all credits for time served. Because he has already served to completion the invalidated sentences imposed by the original judgment, Voss anticipates that the amended judgment will be limited to time served. As a result, he argues he "would not be in custody" pursuant to the amended judgment, thereby precluding federal habeas review. (*Id.* at 7–8.) A failure to stay and abey his Petition, Voss contends, "would, more likely than not, function to jeopardize if not to preclude any and all collateral attack by the Petitioner relative to the anticipated Amended Judgment of Conviction presently pending entry by

///

the state trial court" in CR96-1581 pursuant to the Nevada Court of Appeals' August 2018 order. (*Id.* at 6 (underline emphasis omitted).)

A state prisoner must be "in custody" to challenge his detention. 28 U.S.C. §§ 2241(c); 2254(b)(1) (petitioner must be "in custody pursuant to the judgment of a State court"). The "in custody" requirement is jurisdictional. *Maleng v. Cook*, 490 U.S. 488, 490 (1989). The "judgment" contemplated by AEDPA refers "to the state judgment pursuant to which the petitioner is being held." *Smith v. Williams*, 871 F.3d 684, 688 (9th Cir. 2017). However, consecutive sentences are treated as a continuous series so that a petitioner is in custody under all of his sentences until all sentences are served. *Garlotte v. Fordice*, 515 U.S. 39, 44–46 (1995); *Peyton v. Rowe*, 391 U.S. 54, 67(1968).

Accepting as true Voss's assertion that he is no longer in custody pursuant to the sentence in CR96-1581, the Court finds that Voss still meets the custody requirement because he is incarcerated pursuant to a consecutive sentence in CR97-2077. Thus, denial of a stay would not preclude federal review. This was the only reason Voss expressly asserted for a stay. Nevertheless, the motion lacks merit under the *Rhines* test.

Pursuant to 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts. This exhaustion requirement is "grounded in principles of comity" as it gives states "the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). In general, a federal district court must dismiss an unexhausted petition without prejudice. *Id.* (noting that the Supreme Court "has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims").

A federal district court is authorized to stay an unexhausted petition in "limited circumstances" to allow a petitioner to present unexhausted claims to the state court without losing his right to federal habeas review due to the relevant one-year statute of limitations. *Rhines v. Weber*, 544 U.S. 269, 273–75 (2005). However, the Supreme Court
///

placed limits on the district courts' discretion to facilitate a petitioner's return to state court to exhaust claims:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, *stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court*. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Id.* at 277 (emphasis added). Where a petitioner is attempting in good faith to exhaust state remedies but is unsure whether state proceedings for post-conviction relief are "properly filed" under 28 U.S.C. § 2244(d)(2), he may file a "protective petition" in federal court and ask for a stay and abeyance until state remedies are exhausted. *Id.* at 278. "A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005).

Voss's request for stay and abeyance fails under *Rhines*. First, he has not shown that a stay is necessary to exhaust his claims. Voss alleges that the issues presented in his Petition were raised before the state court and Nevada Court of Appeals. (ECF No. 1 at 17.) Thus, he represents that ground one is exhausted. The stay and abeyance procedure set forth in *Rhines* allows a petitioner to show good cause for his failure to exhaust in state court. Where a petitioner maintains that his claims are already exhausted, a stay would fulfill no purpose.[5] Second, to the extent Voss relies on confusion regarding timely filings to justify a stay, the motion does not identify any state proceedings for which he questions timeliness. Voss does not expressly assert that he is confused about the timing of any state filing, but any present timing concerns are unfounded as his habeas claim has yet to accrue and the AEDPA clock has not started running. There is no dispute

---

[5]By discussing Voss's assertion that ground one is exhausted, the Court makes no finding or representation that the Petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as unexhausted.

that the state court has yet to enter an amended judgment. A protective petition is meant to avoid a determination that a federal petition is time-barred after years of litigating in state court. Where there is no confusion regarding the statute of limitations, a protective petition and the stay and abeyance procedure are unwarranted. Because Voss's motion does not show good cause for stay, it is denied.

It is therefore ordered that Petitioner Steven Floyd Voss's Motion for Stay and Abeyance (ECF No. 8) is denied.

It is further ordered that Voss must show cause in writing within 30 days of the date of this order why the action should not be dismissed without prejudice as premature. Voss's response must be factually detailed and, where possible, be supported by competent evidence.

It is further ordered that if Voss fails to timely and fully respond to this order, the Petition will be dismissed without prejudice and without further advance notice.

DATED THIS 25th day of October 2019.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE