UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

STEVEN FLOYD VOSS,

           Petitioner,

v.

JACKIE CRAWFORD, *et al.*,

           Respondents.

Case No. 3:19-cv-00414-MMD-WGC

ORDER

        This habeas matter comes before the Court on a pending *sua sponte* inquiry into whether *pro se* Petitioner's petition for writ of habeas corpus (ECF No. 1) is subject to dismissal. This order follows a prior order to show cause ("OSC") (ECF No. 9) and Petitioner's response (ECF No. 10). For the reasons discussed below and in the OSC, the Court dismisses this action without prejudice.

        The OSC outlines the relevant facts and procedural background. (ECF No. 10.) In short, the Court explained that Petitioner's current petition is premature and unexhausted as no valid judgment of conviction currently exists for CR96-1581, and Petitioner has yet to be resentenced. Because no amended judgment has been entered, Petitioner's constitutional claims are currently speculative. The one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254, will not start, and his habeas claim will not accrue, until an amended judgment of conviction is entered and becomes final. *See Redd v. McGrath*, 343 F.3d 1077, 1081–83 (9th Cir. 2003).

        Petitioner's response concedes that he was "overly cautious" in filing his "protective petition." (ECF No. 10 at 2.) Thus, he declines to make a showing of good cause to allow the petition to proceed. (*Id.*) However, he requests leave of the Court to file a new petition in the instant case at a later date, should a new petition become necessary. (*Id.* at 3.)

The Court cannot give Petitioner an advisory ruling concerning the propriety of any future habeas petition. Article III of the Constitution restricts the power of federal courts to live cases and controversies. *Chafin v. Chafin*, 568 U.S. 165, 171 (2013). Thus, federal courts may not "give 'opinion[s] advising what the law would be upon a hypothetical state of facts'." *Id.* at 172 (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)); *Clark v. City of Seattle*, 899 F.3d 802, 808 (9th Cir. 2018) (federal courts cannot "issue advisory opinions"). By finding that Petitioner's current petition is premature and unexhausted, the Court makes no finding or representation that a future petition will be considered either timely or exhausted. Petitioner at all times remains responsible for calculating the running of the federal limitation period under 28 U.S.C. § 2244(d)(1) and timely asserting and exhausting claims.

Given the multiple substantial defects presented, which Petitioner acknowledges in his response, this matter will be dismissed without prejudice. Dismissal of this action without prejudice will not materially impact the analysis of any issue in a later filed habeas proceeding or otherwise result in substantial prejudice.

It is therefore ordered that Petitioner's petition for writ of habeas corpus (ECF No. 1) is dismissed without prejudice as premature and unexhausted.

It is further ordered that a certificate of appealability is denied as jurists of reason would not find the Court's dismissal of the petition to be debatable or wrong.

It is further ordered that the Clerk of Court is directed to enter final judgment accordingly, dismissing this action without prejudice, and close this case.

DATED THIS 15th day of November 2019.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE